## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

QUANISHA TIERA JOHNSON,

     Plaintiff,

-vs-

INFOMART, INC.,

     Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, QUANISHA TIERA JOHNSON (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, INFOMART, INC. (hereinafter "Infomart"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create background reports, like Infomart, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3.      When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.      Venue is proper in this District as Infomart's principal address is in this District; as Plaintiff is a natural person and resident of Newton County, in the State

of Georgia; the violations described in this Complaint occurred in this District; and Infomart transacts business within this District.

8.    Plaintiff is a "consumer" as defined by the FCRA.

9.    Infomart is a corporation headquartered at 1582 Terrell Mill Road in Marietta, Georgia 30067.

10.    Infomart is a "consumer reporting agency" as defined in 15 USC § 1681(f). Infomart is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    Infomart disburses such background reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.    Plaintiff is in the process of applying for nursing school at South College.

13.    As a requirement for the application process, Plaintiff had to submit to a background check.

14.    South College utilized the services of Infomart who provided a background report on Plaintiff.

15.    Said background report contained falsehoods about Plaintiff, most damaging being that she was charged with a criminal misdemeanor for failure to return rental property in the State of North Carolina.

16.    Plaintiff has never lived outside of Georgia and has never been to North Carolina.

17.    Shortly thereafter, Plaintiff contacted Buddy's Home Furnishings who was listed as the complainant in the erroneous criminal record.  Plaintiff provided a copy of her ID to Buddy's Home Furnishings who reviewed their security footage and stated Plaintiff was not the person charged.

18.    Due to its lack of proper policies and procedures to ensure the maximum possible accuracy of the consumer reports it prepares, Infomart falsely reported that Plaintiff had a criminal record.

19.    This inaccuracy should have been caught by Infomart as a simple inquiry would confirm that Plaintiff and the defendant in the criminal case are not the same person.

20.    On or about September 20, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 177781342. In this report, she explained that inaccurate and erroneous information was appearing in her background report.

21.     Due to the inaccurate reporting, on or about October 16, 2024, Plaintiff mailed a detailed written dispute letter to Infomart. Plaintiff advised that the criminal record was inaccurate and did not belong to her. In the letter, Plaintiff included an image of her driver's license and Social Security card as proof of identity. In the letter, Plaintiff included images of the erroneous reporting and images of her filed FTC Identity Theft Report.

22.     Plaintiff mailed her detailed dispute letter to Infomart via UPS, tracking number 1Z37W5960315602790.

23.     On or about October 22, 2024, Plaintiff received her updated background report from Infomart, and to her relief, the inaccurate and erroneous criminal record had been removed.

24.     Infomart clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

25.     Due to the inaccurate reporting by Infomart, Plaintiff is stressed and concerned her chances of being accepted to nursing school have been negatively affected.

26.     As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Infomart's errors; and

    iv.    Defamation as Infomart published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Infomart, Inc. (Negligent)

27.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

28.    Infomart violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

29.    Infomart allowed inaccurate information to be reported on Plaintiff's background file.

30.     Infomart prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

31.     As a direct result of this conduct, action and/or inaction of Infomart, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for nursing school, and the damages otherwise outlined in this Complaint.

32.     The conduct, action, and/or inaction of Infomart was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

33.     Plaintiff is entitled to recover costs and attorney's fees from Infomart in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, QUANISHA TIERA JOHNSON, respectfully requests that this Court award actual damages against Defendant, INFOMART, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Infomart, Inc.  (Willful)**

7

34.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

35.     Infomart violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

36.     Infomart allowed inaccurate information to be reported on Plaintiff's background file.

37.     Infomart prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

38.     As a direct result of this conduct, action and/or inaction of Infomart, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for nursing school, and the damages otherwise outlined in this Complaint.

39.     The conduct, action, and/or inaction of Infomart was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

40.     Plaintiff is entitled to recover costs and attorney's fees from Infomart in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, QUANISHA TIERA JOHNSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, INFOMART, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, QUANISHA TIERA JOHNSON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, INFOMART, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of October 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963

Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*